# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALL DIVISION

**JEREMY JEROME,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:17cv41-RH/CAS**

**MONROE COUNTY SHERIFF,**
**et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an in forma pauperis motion, ECF No. 2, and a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Good cause having been shown, the motion for in forma pauperis status is granted.  Plaintiff will not be required to pay the filing fee for this case and the Clerk shall file the complaint.

Several days after initiating this case, Plaintiff submitted a document which the Clerk entered on the docket as a notice.  ECF No. 4.  The purpose of this document is unclear.  Because no request for relief is clear form this document, no further action is necessary.

It does appear from that document, however, that Plaintiff may have previously initiated a case in this Court as he references "old case 4:16-cv-0045-WS-CAS." ECF No. 4 at 2. That case was not brought by Plaintiff and there is no apparent connection with this Plaintiff and case number 4:16cv45-WS/CAS, which was a § 2241 petition for writ of habeas corpus.

However, judicial notice is taken that Plaintiff previously did initiate case number 4:16-cv-450-WS/CAS in this Court. That case was dismissed as frivolous and for failure to state a claim on September 1, 2016. ECF Nos. 14-15.

This case fares no better. Plaintiff's complaint, ECF No. 1, has been reviewed and is not sufficient to proceed. Plaintiff does not provide a statement of facts which articulates a basis for filing a civil rights case. Plaintiff's complaint is unintelligible. Moreover, Plaintiff does not assert a claim or request any relief from this Court. His attachments to the complaint provide no clarification as to why Plaintiff has initiated this case. also presents unintelligible allegations. Plaintiff does not request any relief from this Court. *Id.* at 4. The complaint should be dismissed because it is frivolous.

A United States District Court may dismiss a case filed in forma pauperis if it is satisfied that the action is frivolous or malicious.  28 U.S.C. § 1915.  The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989), recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d).  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990) (citing <u>Neitzke</u>).  This case does not present a comprehensible legal theory and appears to be removed from reality.  Dismissal is appropriate.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, is **Granted**.

Case No. 4:17cv41-RH/CAS

2. The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is both frivolous and fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2017.

 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Specific, written objections to these proposed findings and recommendations must be filed within 14 days after being served with a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of the objections shall be served upon all other parties.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.  A party may respond to another party's objections within 14 days after being served with a copy thereof.**

Case No. 4:17cv41-RH/CAS